UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
WILLIAM R. RIAL,
                Plaintiff,

v.

COMMISSIONER OF SOCIAL SECURITY,
                Defendant.

ORDER
17-CV-1128-FPG



## Background

Plaintiff William Rial brought this action pursuant to Title II and Title XVI of the Social Security Act seeking review of the final decision of the Commissioner of Social Security ("Commissioner") denying his application for social security disability and supplemental security income benefits. Complaint (Docket # 1).

On January 7, 2019, plaintiff's counsel filed a consent motion to substitute party requesting that this Court issue an order substituting plaintiff's son, William R. Rial, II,[1] for plaintiff. (Docket # 16). Defendant's counsel did not object to plaintiff's request. (Docket # 16-1 at 2).

## Discussion

Rule 25(a)(1) of the Federal Rules of Civil Procedure permits substitution of a party for a deceased party if: (1) the claim of a deceased party survives that party's death; (2) the individual seeking to be substituted is a "proper party"; and (3) the motion for substitution is made within "90 days after service of a statement noting the death." Fed. R. Civ. P. 25(a).

1) <u>Survival of plaintiff's claims</u>

The regulations provide that if an individual dies before any payment of social security benefits is made, such benefits can be made to the child of the deceased individual if there is no

---

[1] While counsel in his affirmation requests that William R. Rial, II, be substituted as plaintiff in place of William R. Rial, he also, I presume incorrectly, mentions William Rial, III as plaintiff's son. Docket # 16-1, ¶ 6.

1

surviving spouse left. 20 C.F.R. § 404 (d)(2); *see also Perlow v. Comm'r of Soc. Sec.*, No. 10-CV-1661(SLT), 2010 WL 4699871, at *1 (E.D.N.Y. Nov. 10, 2010) ("[T]he Act expressly provides for Plaintiff's Social Security benefits to be paid to his survivors in the event he dies before collecting his underpayments.") (internal citation omitted). Therefore, plaintiff's claims survive his death.

2) Timeliness of motion

As to the timeliness of plaintiff's motion, the Federal Rules of Civil Procedure provide that the motion for substitution may be made within 90 days of "service of a statement noting the death." Fed. R. Civ. P. 25(a)(1). "[C]ourts have construed a motion for substitution to be a notice of death when a party's death is first mentioned in the substitution motion." *Worrell v. Colvin*, No. 1:12-CV-3386(ENV), 2013 WL 3364373, at *1 (E.D.N.Y. July 3, 2013)(citations omitted). Here, plaintiff's counsel first informed the Court of plaintiff's death by filing his motion on January 7, 2019. Accordingly, I find that the motion to substitute was timely filed.

3) Proper party for substitution

"A 'proper party' for substitution is either a 'representative of the deceased party's estate' or a 'successor of the deceased party.'" *Perlow*, 2010 WL 4699871, at *2 (*citing Garcia v. City of New York*, No. CV 08-2152(RRM)(MDG), 2009 WL 261365, at *1 (E.D.N.Y. Feb. 4, 2009)). Courts typically look to state law to determine whether a person is a proper "successor or representative" of the decedent. A "representative is a person who has received letters to administer the estate of a decedent." N.Y. E.P.T.L. § 1–2.13 (McKinney). A "successor" of the deceased party is a "distributee" of the decedent's estate if the estate has been distributed at the time the motion for substitution is made." *Garcia*, 2009 WL 261365, at *1 (internal citations omitted).

2

Here, plaintiff's counsel asserts that plaintiff was not married and had one child, William Rial, at the time of death. However, Mr. Rial has not demonstrated that he is a proper party to be substituted at this juncture. Counsel's affirmation does not include proof establishing that Mr. Rial was granted testamentary letters of administration regarding the estate of his father, William R. Rial, or that Mr. Rial is a distributee of plaintiff's estate. For Mr. Rial to be substituted, he must demonstrate that he is a distributee of his father's estate and that the estate has been distributed without probate or that he has been appointed administrator or executor of his father's estate.

## Conclusion

Accordingly, plaintiff's consent motion for substitution (Docket # 16) is **denied** with leave to renew upon the filing of the necessary supplemental documentation on or before **February 12, 2019**.

**IT IS SO ORDERED.**

Dated: January 30, 2019
Rochester, New York

_____
HON. FRANK P. GERACI, JR.
Chief Judge
United States District Court