UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

WILLIAM R. RIAL, II
as Administrator of the Estate of William R. Rial,

DECISION AND ORDER

Plaintiff,

17-CV-1128L

v.

COMMISSIONER OF SOCIAL SECURITY,

Defendant.
_____

Plaintiff, the administrator of the estate of claimant William R. Rial, who died on April 22, 2018 (hereafter referred to as "claimant") appeals from a denial of disability benefits by the Commissioner of Social Security ("the Commissioner").[1] The action is one brought pursuant to 42 U.S.C. §405(g) to review the Commissioner's final determination.

On December 19, 2013, the claimant filed an application for a period of disability and disability insurance benefits under Title II of the Social Security Act, as well as an application for supplemental security income, alleging disability beginning December 1, 2009. (Dkt. #7 at 27). His application were initially denied. Claimant requested a hearing, which was held on April 11, 2016 via videoconference before Administrative Law Judge ("ALJ") Brian LeCours. *Id*. The ALJ issued an unfavorable decision on May 5, 2016, concluding that claimant was not disabled under the Social

---

[1] On February 12, 2019, the Court granted a consent motion to substitute plaintiff for the claimant. As the claimant's sole heir, plaintiff would be entitled to any Social Security disability benefits that might be awarded in this matter. (Dkt. #19, #20).

Security Act. (Dkt. #7 at 27-39). That decision became the final decision of the Commissioner when the Appeals Council denied review on September 6, 2017. (Dkt. #7 at 1-4). Plaintiff now appeals.

The plaintiff has moved for judgment remanding the matter for further proceedings (Dkt. #17), and the Commissioner has cross moved for judgment dismissing the complaint (Dkt. #27), pursuant to Fed. R. Civ. Proc. 12(c). For the reasons set forth below, plaintiff's motion is granted, the Commissioner's cross motion is denied, and the matter is remanded for further proceedings.

## DISCUSSION

**I.      Relevant Standards**

Determination of whether a claimant is disabled within the meaning of the Social Security Act requires a five-step sequential evaluation, familiarity with which is presumed. *See Bowen v. City of New York*, 476 U.S. 467, 470-71 (1986). *See* 20 CFR §§ 404.1509, 404.1520. Where, as here, a claimant's alleged disability includes mental components, the ALJ must apply the so-called "special technique" in addition to the usual five-step analysis. *See Kohler v. Astrue*, 546 F.3d 260, 265 (2d Cir. 2008).

The Commissioner's decision that a claimant is not disabled must be affirmed if it is supported by substantial evidence, and if the ALJ has applied the correct legal standards. *See* 42 U.S.C. § 405(g); *Machadio v. Apfel*, 276 F.3d 103, 108 (2d Cir. 2002).

The ALJ determined that the claimant had the following severe impairments: degenerative disc disease of the lumbar spine, chronic obstructive pulmonary disorder ("COPD"), and obesity. (Dkt. #7 at 29). The ALJ found that claimant was capable of performing medium work, except that he can no more than occasionally stoop, kneel, crouch and crawl, and must avoid concentrated exposure to pulmonary irritants such as fumes, odors, dust and gases. (Dkt. #7 at 33).

When presented with this RFC determination, impartial vocational expert Salvatore Garozzo testified that claimant, at the time of his alleged onset date a 48-year-old man with a high school education and past relevant work as a merchandise deliverer, construction worker and auto service manager, could perform the positions of packager, laundry worker and kitchen helper. (Dkt. #7 at 39).

Plaintiff contends that the ALJ improperly substituted his lay opinion for that of a physician with regard to claimant's COPD-related limitations, and that the Appeals Council failed to give good reasons for rejecting a report by claimant's treating pulmonologist, Dr. Norman Fiorica.

## II. Claimant's COPD-Related Limitations

Initially, plaintiff argues that the ALJ failed to sufficiently support his finding that the claimant's COPD could be sufficiently accommodated by limiting him to "avoid[ance of] *concentrated* exposure to pulmonary irritants such as fumes, odors, dusts and gases." (Dkt. #7 at 33) (emphasis added). Specifically, plaintiff argues that the ALJ did not sufficiently develop the record with respect to claimant's COPD-related limitations, because no treating or examining physician rendered any opinion concerning them. Rather, plaintiff argues, the ALJ engaged in his own, lay interpretation of the raw medical evidence, a point the ALJ seemed to concede in his decision when he noted that, "[consulting examiner Dr. Hongbiao Liu's] opinion does not address any limitations imposed by the claimant's respiratory impairment specifically [however, because] the claimant does have a documented respiratory impairment . . . I have therefore found some additional respiratory related limitations as well." (Dkt. #7 at 36).

The record does contain abundant evidence establishing the claimant's COPD. On June 23, 2010, objective testing of claimant's pulmonary functioning showed severe obstructive airway disease, and very severe small airway dysfunction, according to Dr. Fiorica. (Dkt. #7 at 432).

3

Pulmonary function testing on September 1, 2011 showed a moderate reduction in vital capacity. (Dkt. #7 at 333). Testing on March 14, 2015 showed severe airflow obstruction. (Dkt. #7 at 15). On September 6, 2016, after the ALJ's unfavorable decision, Dr. Fiorica reviewed claimant's prior pulmonary function tests from 2010 and 2016, and again noted diagnosed airflow obstruction. (Dkt. #7 at 16). Pulmonary function testing on March 6, 2017 found severely decreased airflow, with moderate obstructive airway disease and severe small airway dysfunction, prior to the use of a bronchodilator. (Dkt. #7 at 12-13).

Despite evidence that the claimant's COPD caused "severe" airflow obstruction, the ALJ concluded, without additional explanation, that his COPD could be accommodated by avoidance of "concentrated" exposure to respiratory irritants. As such, the ALJ tacitly found that claimant *could* tolerate unlimited exposure to respiratory irritants, so long as they were present at a level less than "concentrated."

"[A]n ALJ is not qualified to assess a claimant's RFC on the basis of bare medical findings, and as a result an ALJ's determination of RFC without a medical advisor's assessment is not supported by substantial evidence." *Dailey v. Astrue*, 2010 U.S. Dist. LEXIS 122892 at *29 (W.D.N.Y. 2010) (internal quotation omitted), *report and recommendation adopted*, 2010 U.S. Dist. LEXIS 122893 (W.D.N.Y. 2010).

While the ALJ's imposition of some limitation relative to respiratory irritants was entirely appropriate to the claimant's diagnosis, the extent of that limitation was not derived from any medical opinion, or from any of the objective medical evidence of record, and appears to have been a speculative "best guess" by the ALJ, based on his interpretation of the raw medical evidence. As such, remand is required in order to further develop the record on this point.

4

**III.     The Appeals Council's Evaluation of Dr. Fiorica's Opinion**

Plaintiff also claims that the Appeals Council erred when it declined to consider medical evidence that was submitted after the ALJ's unfavorable decision.

In assessing an appeal, the Appeals Council must review all evidence in the administrative record, as well as any additional evidence submitted thereafter that is new, material and relates to the period on or before the date of the ALJ's decision. *See* 20 C.F.R. §416.1470(b); §416.1476(b)(1). *See generally Hollinsworth v. Colvin*, 2016 U.S. Dist. LEXIS 139154 at *10 (W.D.N.Y. 2016).

Here, the records submitted by claimant to the Appeals Council included a brief statement by claimant's treating pulmonologist, Dr. Fiorica, which was rendered September 6, 2016. (Dkt. #7 at 15-16). The Appeals Council declined to consider the report, rejecting it on the basis that it "does not relate to the period at issue." (Dkt. #7 at 2).

Dr. Fiorica's report describes the claimant's COPD and resultant severe airflow obstruction, summarizes prior objective tests of claimant's pulmonary function, notes that claimant suffers from chronic low back pain in addition exertional dyspnea (difficulty breathing during exercise), and opines that claimant is unable to lift more than 10 pounds due to his lumbar spinal degeneration (a diagnosis which the ALJ found to be a severe impairment). (Dkt. #7 at 15-6).

The Appeals Council's rejection of Dr. Fiorica's report as "not relate[d] to the period at issue" was improper. To the contrary, the report was grounded upon a review of claimant's medical history as early as 2010, and his pulmonary function tests in 2010 and 2016, both of which predated the ALJ's decision. As such, it was relevant to the determination of claimant's disability claim. *Accord Lisa v. Secretary of Dep't of Health and Human Serv.*, 940 F.2d 40, 44 (2d Cir. 1991)

5

(evidence bearing on an applicant's condition subsequent to the date last insured is pertinent, in that it may disclose the severity and continuity of impairments existing before that date).

Further, Dr. Fiorica's findings are probative: they directly contradict the ALJ's RFC determination (which found that the claimant could perform medium work, lifting up to 50 pounds – far in excess of the 10-pound limitation opined by Dr. Fiorica). As such, Dr. Fiorica's report was entitled to consideration by the Appeals Council when it denied review, and remand is appropriate. *See Sears v. Colvin*, 2013 U.S. Dist. LEXIS 175513 (N.D.N.Y. 2013) (where Appeals Council erred by determining that new evidence was insufficient to trigger review of an ALJ's decision, remand is appropriate). *See also Barimah v. Commissioner*, 2004 U.S. Dist. LEXIS 19356 at *4-*5 (E.D.N.Y. 2004) (opinion generated after ALJ's decision that corroborates the claimant's pre-decision complaints is relevant and probative, particularly where the limitations to which it testifies were not fully credited by the ALJ, and should not have been rejected by the Appeals Council).

**CONCLUSION**

For the reasons set forth above, the Commissioner's cross motion for judgment on the pleadings (Dkt. #27) is denied. Plaintiff's motion for judgment on the pleadings (Dkt. #17) is granted, and the matter is remanded for further proceedings consistent with this opinion, including: consideration of Dr. Fiorica's September 6, 2016 report; the obtainment of any additional evidence or opinions may be available from the late claimant's treating physicians concerning the type and extent of work-related limitations that would have been posed by his COPD and/or lumbar spinal

degeneration during the relevant period; and the obtainment and consideration of such other and further evidence as is deemed necessary to complete the record.

IT IS SO ORDERED.

_____
DAVID G. LARIMER
United States District Judge

Dated: Rochester, New York
      July 23, 2019.