UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

_____

WILLIAM R., II,
as Administrator of the Estate of WILLIAM R.,

       Plaintiff,

   v.

KILOLO KIJAKAZI,
Acting Commissioner of Social Security,

       Defendant.
_____

DECISION AND ORDER

17-CV-1128L

  Pending before the Court is a motion by counsel for plaintiff, a prevailing party in this action for Social Security benefits, for an order awarding attorney's fees pursuant to 42 U.S.C. §406(b). (Dkt. #33). Pursuant to a contingent fee agreement permitting an award of attorneys fees of up to 25% of the past-due benefits award, plaintiff's counsel, Lewis L. Schwartz, seeks an award of $15,823.50 (25% of the award for past-due benefits).

  The Commissioner does not oppose plaintiff's motion, and has filed a response indicating that rates comparable to the de facto hourly rate sought by counsel have been variously "approved and disapproved" by district courts in this Circuit. (Dkt. #34).

  The Court finds that the amount of the requested fee is reasonable, in light of the character of the representation, plaintiff's counsel's extensive expertise in Social Security law, the results that were achieved, and the absence of any delay in the proceedings by counsel. *See Silliman v. Barnhart*, 421 F.Supp.2d 625 (W.D.N.Y. 2006); *Joslyn v. Barnhart*, 389 F.Supp.2d 454 (W.D.N.Y.2005).

The Court has reviewed the time records submitted by plaintiff's counsel (Dkt. #33-5), and I find no evidence of delay, unreasonable expenditures of time, or duplication of effort. The Court has also considered the deference that is owed to agreements between an attorney and client, the compelling public interest in assuring future representation for disability claimants, and the lack of any factor indicating that the requested award would result in a windfall. *See Gisbrecht v. Barnhart*, 535 U.S. 789, 802 (2002). Moreover, the award is appropriate in light of the work performed, which included vigorous representation of the claimant, whose claims were contested by the Commissioner at every level.

The amount of attorney's fees that counsel stands to receive results in a *de facto* hourly rate of $364.60 per hour, for over forty hours of attorney time. This amount is within, and in many instances substantially below, the range of hourly fees found to be reasonable in similar, recent cases in this district. *See e.g., Salone v. Commissioner*, 2020 U.S. Dist. LEXIS 59634 (W.D.N.Y. 2020) (approving fee request with a de facto hourly rate of $956.25 per hour, and noting that cases in which courts have reduced similar fees are distinguishable in that they involved a modest amount of work by attorneys who secured stipulations, or who billed excessive amounts of time); *Sims v. Commissioner*, 2020 U.S. Dist. LEXIS 28330 (W.D.N.Y. 2020) (approving fee with de facto hourly rate of $980.87 per hour); *McDonald v. Commissioner*, 2019 U.S. Dist. LEXIS 51643 (W.D.N.Y. 2019) (approving fee with de facto hourly rate of $1,051.64 per hour).

## CONCLUSION

For the foregoing reasons, plaintiff's motion (Dkt. #33) for attorney's fees pursuant to 42 U.S.C. §406(b) in the amount of $15,823.50 is granted. The award is to be made payable to Lewis L. Schwartz, Esq., attorney for plaintiff.[1]

IT IS SO ORDERED.

_____
DAVID G. LARIMER
United States District Judge

Dated: Rochester, New York
September 21, 2021.

---

[1] While the Court would customarily order counsel to refund the amount of fees previously-awarded under the Equal Access to Justice Act ("EAJA") to the plaintiff at this time pursuant to 28 U.S.C. §2412, it does not appear that such fees were sought or awarded in this matter.